HOME TRUST AND SAVINGS BANK, A CORPORATION EXECUTOR OF THE LAST WILL AND TESTAMENT OF CELESTE C. HARDING, DECEASED

*v.*

STATE OF ILLINOIS.

*Opinion filed September 20, 1920.*

INHERITANCE TAX—*order of County Judge binding.* The order of the County Judge assessing an inheritance tax is valid and binding, unless reversed or modified by the County Court upon appeal.

ORDER OF COUNTY JUDGE—*how reviewed.* Section II, of Inheritance Tax Law provides the method by which an order of the County Judge may be reviewed.

COURT OF CLAIMS—*cannot review order of County Judge.* The Court of Claims cannot review the order of the County Judge.

Edward J. Brundage, Attorney General, for State.

The County Judge of Kane County, Illinois, heretofore in the year 1917 entered an order assessing an inheritance in the estate of Celeste C. Harding, deceased, and the claimant presents a claim of refund $240.21 inheritance tax erroneously paid. And prays this Court to examine and review the proceedings of the appraiser and order of the County Judge approving same and fixing the tax. The attorney for claimant contends that the error is a mistake of the Judge in construing the will and that it is not *res adjudicata,* and that it is a mistake that can be restified by the State Treasurer under the power given in the Statute of Illinois.

The County Judge had jurisdiction of the parties and the subject matter, and as such Judge entered an order assessing the said inheritance.

Although the time has long since expired in which an appeal might have been prosecuted from such order to the County Court, none was ever prayed or taken to the County Court as required by statute in such case made and provided.

Section 11 of the inheritance tax law provides that: "Any person, including the Attorney General dissatisfied with the appraisement or assessment may appeal therefrom to the County Court of the proper county within sixty days after the making and finding of such assessment order", etc.

So far as this Court is concerned the tax was legally assessed and continues to be of binding and legal force till such time as an appeal is prosecuted according to said statute and the order of the County Judge reversed or modified by County Court. This Court cannot review the order of the County Judge.

The statute referred to provides for the manner of reviewing the order of the County Judge, 2 C. C. p. 210, 213, also 2 C. C. 208. The case is therefore dismissed.